**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JEAN MUMPHREY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-05-CV-22 (TJW) |
| | § | |
| GREGG COUNTY, TEXAS, ET AL., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motions to Dismiss, or Alternatively, for More Definite Statement (Doc. Nos. 3 & 6). After considering the submissions of counsel and the applicable law, the Court ORDERS that the defendants' motions be GRANTED in part and DENIED in part.

**I.      Factual Background**

This case arises out of the defendants' alleged retaliation against the plaintiff in violation of her First Amendment rights. For approximately six years, Plaintiff Jean Mumphrey, a lay minister, visited the Gregg County Jail twice a month to minister to prisoners there. On January 26, 2003, the plaintiff was allegedly injured when an electric cell door closed on her right wrist. The plaintiff contends that the defendants promised to pay her resulting medical bills, but later reneged on their promise to do so. Consequently, on May 22, 2003, the plaintiff notified Defendant Gregg County of her claim for damages in compliance with the Texas Tort Claims Act. The plaintiff contends that the defendants retaliated against her for submitting notice of her claim under the Texas Tort Claims Act in violation of her First Amendment rights. Specifically, the plaintiff alleges that the defendants have refused to allow her to minister to prisoners at the Gregg County Jail. On January 24, 2005, the plaintiff filed suit in this court, asserting a claim of First Amendment retaliation and a negligence claim under the Texas Tort Claims Act.

## II.     Legal Standard

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must liberally construe the plaintiff's complaint in favor of the plaintiff. *Beall v. United States*, 335 F. Supp. 2d 743, 747 (E.D. Tex. 2004) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999)). The court must accept as true the well-plead factual allegations in the plaintiff's complaint. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). The court must ultimately decide "whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff." *Lott v. Andrews Center*, 259 F. Supp. 2d 564, 568 (E.D. Tex. 2003) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Thus, a district court may not dismiss a complaint under Rule 12(b)(6) " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.' " *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    Discussion

In their motion to dismiss, the defendants first contend that the plaintiff's claim against Sheriff Maxey Cerliano in his official capacity is duplicative. The plaintiff argues that her official capacity claim against Sheriff Cerliano is not duplicative because he is a necessary party to ensure full and adequate injunctive relief. The plaintiff's argument is unpersuasive. As a local governmental unit, Defendant Gregg County can be sued directly for monetary, declaratory, and/or injunctive relief. *Connor v. Harris County*, 1992 WL 337420, at *3 (S.D. Tex. 1992) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)). Thus, Sheriff Cerliano's presence as a defendant sued in his official capacity is not necessary to ensure that the plaintiff

receives adequate injunctive relief. *Connor*, 1992 WL 337420, at *3.

The defendants further contend that the plaintiff's individual capacity claim against Sheriff Cerliano should be dismissed because the plaintiff cannot meet the heightened pleading standard to overcome Sheriff Cerliano's qualified immunity defense. In *Harlow v. Fitzgerald*, the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). To overcome the qualified immunity defense, the plaintiff's complaint "must allege facts that, if proven, would demonstrate that . . . [the official] violated clearly established statutory or constitutional rights." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995). The Fifth Circuit has stated, moreover, that section 1983 plaintiffs "must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Geter v. Fortenberry*, 882 F.2d 167, 170 (5th Cir. 1989) (citation omitted).

Here, the plaintiff has failed to provide sufficient factual allegations to overcome the qualified immunity defense. The plaintiff's complaint states that "[a]fter receiving notice [of her claim under the Texas Tort Claims Act] and in retaliation for Plaintiff submitting it, Defendants have refused to permit Plaintiff Mumphrey to minister to prisoners." Plaintiff's Complaint at ¶ 29. The plaintiff has not alleged specific facts to show that Sheriff Cerliano's conduct violated her constitutional rights. The plaintiff's complaint does not allege any facts establishing that Sheriff Cerliano, either personally or through the jail personnel, prohibited the plaintiff from ministering to inmates. For instance, the plaintiff has not alleged that Sheriff Cerliano instructed jail personnel

not to allow the plaintiff to minister to inmates. Although the plaintiff has not met the heightened pleading requirement, dismissal of the plaintiff's claim is not justified at this stage. *See Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 997 (5th Cir. 1995). Accordingly, the Court will allow the plaintiff to amend her complaint to allege facts that, if proven, would demonstrate that Sheriff Cerliano violated her clearly established statutory or constitutional rights.

## IV.    Conclusion

The Court has reviewed the plaintiff's complaint under the prevailing standards governing Rule 12(b)(6) motions. As to the official capacity claim against Sheriff Cerliano, the claim is dismissed as duplicative because Defendant Gregg County can be sued directly for monetary, declaratory, and/or injunctive relief. As to the individual capacity claim against Sheriff Cerliano, the plaintiff has failed to provide sufficient factual allegations to overcome the qualified immunity defense. The Court will therefore allow the plaintiff to amend her complaint to allege facts that, if proven, would demonstrate that Sheriff Cerliano violated her clearly established statutory or constitutional rights. The plaintiff shall file her amended complaint within 15 days of the date this order is entered.

SIGNED this  8th  day of July, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE